Collier v. Monger.

---

CHARLES P. COLLIER, *Appellee*, v. W. L. MONGER, *Appellant*.

No. 16,868.

SYLLABUS BY THE COURT.

CONTRACTS—*Accrual of Action—Complete Performance Delayed by Defendant's Negligence.* C contracted in writing with M to drill an oil well for M, and fully performed the contract so far as appeared by the express terms thereof, and, after the failure of M on demand to pay the contract price, brought suit to recover the same. M, to show that the action was prematurely brought, pleaded and proved a local custom which required C, upon M's furnishing the material therefor, to case the well. It appeared by the evidence that M had neglected and refused for an unreasonable length of time to furnish the material. *Held*, that such neglect and refusal did not postpone C's right of recovery under the contract.

Appeal from Labette district court. Opinion filed February 11, 1911. Affirmed.

*S. J. Osborn,* and *E. L. Burton,* for the appellant.
*W. D. Atkinson,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is the second appeal of this case to this court. In the former decision (*Collier v. Monger,* 75 Kan. 550) a general statement of the facts and issues will be found. The action was therein remanded for a new trial, which was had, and from the judgment rendered this appeal is taken.

On the retrial the defendant offered evidence to establish the fact, and the jury found, that it was "the general custom in the Kansas oil field, where a contractor agreed to drill a well in a good and workmanlike manner, that upon being furnished the casing, tubing and packer it was his duty to set such casing, tubing and packer so as to keep out the salt water from gas-bearing sand."

The court instructed the jury, in effect, that if they found that this was the recognized custom the custom was to be read into the contract and was embraced in the following provision: "The said second party agrees to do the drilling in good, workmanlike manner or no pay." The evidence showed that the drilling was finished and the well brought in October 12, 1904; that the appellee made demand for his pay immediately, and, not being paid, he brought the action November 3, 1904; that the appellant did not furnish the casing until December 27, 1904, and the appellee immediately placed it in the well.

On these facts the court gave an instruction which reads:

"(7) If you find and believe from the fair weight of the evidence herein that plaintiff, Charles P. Collier, drilled a well on the lands as directed by defendant, and to a depth of 765 feet; and that such drilling was done in a good and workmanlike manner, as you may find that phrase to mean, from the evidence herein, and that at that depth a good flow or quantity of gas was

Collier v. Monger.

struck; that plaintiff finished the drilling of such well on the 12th day of October, 1904, and you further find and believe from the evidence that it was the duty of defendant to furnish all casing, packer, tubing and other material on the ground, and that said defendant failed and refused to furnish the needed material and appliances within a reasonable time after plaintiff had completed the drilling of the well, then you are instructed that defendant could not defeat plaintiff's right to recover, by his own negligence, and your verdict should be for the plaintiff."

It is contended that the court in giving this instruction enlarged the issues made by the pleadings, which is technically, but not substantially, true. To sustain the appellant's contention on this point would enable him to defeat the appellee's cause of action by his own failure to comply with the custom which he relied upon as a defense. Both the statute and the custom require him to furnish the casing and material, and the instruction only holds him to the performance of that duty within a reasonable time; and, in finding for the plaintiff, the jury necessarily found that he did not furnish the casing and material in a reasonable time. The custom was pleaded as a defense, and was proven to the satisfaction of the jury. It required the appellant to furnish the tubing and material antecedent to the installing of the same by the appellee, and it could not avail the appellant as a defense unless it appeared that he had in due time performed the antecedent requirement.

The judgment is affirmed.